UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BOISSIERE, | No. C-09-02081 JCS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) [Docket No. 27]** |
| MICHAEL J. ASTRUE, | |
| Defendant. | |
| _____/ | |

In an order filed May 19, 2010, the Court granted Plaintiff's motion for summary judgment, finding that the ALJ's residual functional capacity was not supported by substantial evidence. The Court went on to address the question of whether the case should be remanded or rather, whether benefits should be awarded on the basis that Plaintiff's testimony, if credited, establishes that she is entitled to an award of benefits. The Court concluded that an award of benefits was appropriate. The Commissioner now brings a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("the Motion"), arguing that the Court should have remanded for further proceedings rather than awarding benefits. The Motion is DENIED.

Under Rule 59(e), a motion to alter or amend judgment may be granted where "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003)(citations omitted). Defendant asserts that this standard is met because the Court's award of benefits was improper. The Court disagrees. As the Court stated in its summary judgment order, the Court is mindful that the administrative agency's decision-making process is entitled to deference and therefore, that an award of benefits is appropriate only in rare cases. On the other hand, courts also must consider whether remand serves a useful purpose, taking into account the significant burden imposed on

claimants by the resulting delay.  While the Commissioner cites to language in the Court's Order suggesting that the record requires further development, that language is taken out of context.  In fact, the Court concluded that Plaintiff's testimony, in combination with her well-documented (and undisputed) diagnosis of severe sleep apnea, is sufficient to establish disability.  As a result, remanding to the Commissioner would serve no useful purpose and would merely draw out an already lengthy process, imposing a significant burden on Plaintiff.  Therefore, the Court DENIES the Commissioner's Motion.

IT IS SO ORDERED.

Dated:  June 14, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge