UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BOISSIERE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____/ | No. C-09-02081 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEY FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Docket No. 30]** |

Plaintiff, Lisa Boissiere, filed an action in this Court seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her Application for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"). The Court reversed the decision of the Commissioner and remanded for an award of benefits, entering judgment in favor of Plaintiff on June 15, 2010. Plaintiff now brings a petition for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), seeking an award of $2,464.05, payable directly to Plaintiff's counsel, the law firm of Rohlfing & Kalagian LLP. The Commissioner does not oppose an award of fees under the EAJA in the amount requested by Plaintiff and therefore, the Court GRANTS the Motion as to the amount of the award. However, the Commissioner asserts that the award must be payable to the plaintiff in this action, not her counsel. The Court agrees.

Subsection 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds

that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis added). In *Astrue v. Ratliff*, – U.S. —, 130 S. Ct. 2521 (2010), the Supreme Court held that the term "prevailing party" in subsection (d)(1)(A) "carries its usual and settled meaning – prevailing litigant." 130 S. Ct. at 2525. In reaching this conclusion, the Court cited to other sections of the EAJA that "clearly distinguish the party who receives the fee award (the litigant) from the attorney who performed the work that generated the fees." *Id*. It also looked to the fee provision in 42 U.S.C. § 1988, which contains identical language. *Id*. at 2529. Under section 1988, 'the party rather than the lawyer . . .is entitled to receive the fees." *Id.* The Supreme Court in *Ratliff* held that this conclusion applies "with equal force" to subsection 2412(d). *Id*. For these reasons, the Court held that an attorney who represented a litigant whose EAJA award was subject to a government offset had no standing to object to the offset. *Id*. at 2527.

Applying similar reasoning, in this district the court in *McCarty v. Astrue* held that fee awards under the EAJA are to be paid to the litigant rather than the attorney. 505 F. Supp. 2d 624, 629 (N.D. Cal. 2007). In reaching this conclusion, the court cited authority from the Ninth Circuit and elsewhere holding that the identical language in section 1988 required that an award be paid to the litigant rather than the attorney. *Id*. In particular, the court stated as follows:

> The Eleventh Circuit found that practically every statute that provides for attorneys' fees to the prevailing party grants the award directly to the party and not the party's counsel. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510 (11th Cir.1988). This interpretation has been consistently applied to the EAJA. *See Panola*, 844 F.2d at 1511 (holding Congress' intent was to award attorneys' fees under the EAJA to the prevailing party and not to its counsel); *Phillips v. General Servs. Admin*., 924 F.2d 1577, 1582 (Fed.Cir.1991) (holding that the language of EAJA requires any fee award to be made directly to the prevailing party and the party's attorney cannot directly claim entitlement to the award). The Supreme Court, the Ninth Circuit, and other Circuits have similarly interpreted other fee-shifting statutes with "prevailing party" language to award attorneys' fees directly to the party and not the party's attorney. *See Evans v. Jeff D*., 475 U.S. 717, 731-32, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (holding that the "prevailing party" language in 42 U.S.C. section 1988 indicates Congress intended to bestow an award of attorneys' fees directly to the prevailing party); *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir.1999) (following Evans in holding that 42 U.S.C. section 1988 awards attorneys' fees directly to the prevailing party and the contract between the party and his lawyer determines the disposition of the award); see also *U.S. v. McPeck*, 910 F.2d 509, 513 (8th Cir.1990) ("[W]hen a statute awards attorneys' fees to a party, the award belongs to the party, not to the attorney representing the party."). Thus, based solely on the language of the statute as consistently interpreted by other

2

courts, the award of attorneys' fees belongs directly to the plaintiff, who is the "prevailing party."

*Id*.

Based on *Ratliff*, *McCarty*, and the long line of precedent holding that identical language in section 1988 requires that an award be paid directly to the litigant, the Court DENIES the motion to the extent that it requests payment be made directly to counsel.

In sum, the Court awards $2,464.05 in attorneys' fees under the EAJA, to be paid directly to Plaintiff.

IT IS SO ORDERED.

Dated:  November 19, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge