UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BOISSIERE, | No. C-09-02081 JCS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) [Docket No. 33]** |
| MICHAEL J. ASTRUE, | |
| Defendant. | |
| _____ / | |

## I.  INTRODUCTION

Plaintiff, Lisa Boissiere, filed an action in this Court seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"). The Court reversed the decision of the Commissioner and remanded for an award of benefits, entering judgment in favor of Plaintiff on June 15, 2010. Plaintiff brought a petition (the "EAJA Motion") for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), seeking an award of $2,464.05, payable directly to Plaintiff's counsel, the law firm of Rohlfing & Kalagian, LLP. On November 19, 2010, the Court granted the EAJA Motion as to the amount of the award but ordered that the award be paid to Plaintiff and not to her counsel, in keeping with the language and intent of the EAJA statute. Plaintiff's counsel,

Marc V. Kalagian, now brings a motion for attorney's fees under 42 U.S.C. § 406(b)(the "Motion"), seeking an award of $7,500.00 in fees, payable to Mr. Kalagian.

## II. BACKGROUND

### A. Factual Background

On March 2, 2009, Plaintiff Lisa Boissiere and counsel Marc V. Kalagian entered into a retainer agreement that provided, in part, as follows:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court. Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney. All fees are negotiable and subject to approval by the court with jurisdiction.

Docket No. 33, Exhibit 1 (Social Security Representation Agreement (hereinafter, the "Agreement")). On June 15, 2010, Plaintiff prevailed in this action and remanded to the SSA for an award of outstanding benefits. On December 23, 2010, the SSA sent Plaintiff a letter setting forth the outstanding benefits payments Plaintiff was to receive and explaining that 25% of the past due benefits to which Plaintiff was entitled, that is, $7,869.25, were being withheld in case the SSA "need[ed] to pay [Plaintiff's] lawyer." Docket 33, Exhibit 2 (Benefit Award Letter) at 1, 2.

In the meantime, Plaintiff filed the EAJA Motion. The Court awarded $2,464.05 in fees, which it ordered to be paid directly to Plaintiff, pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010). In *Ratliff*, the Supreme Court held that EAJA awards must be paid to the claimant and not the claimant's counsel, citing the language of the statute that specifies "a court shall award to a *prevailing party* . . . fees and other expenses." 130 S.Ct. at 2525 (quoting 28 U.S.C. 2412(d)(1)(A)(emphasis added)).

### B. The Motion

In the Motion, Plaintiff's counsel, Marc V. Kalagian, requests an award of $7,500.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), which gives courts the discretion to award reasonable fees in Social Security actions in which judgment is entered in favor of the claimant, not to exceed

25 percent of the total past-due benefits awarded. Kalagian asserts that the amount requested is reasonable in light of: 1) the results achieved; 2) the retainer agreement between Plaintiff and Kalagian, which provides for an award of a 25% contingency fee; 3) the fact that Plaintiff has received directly an award of $2,464.05 under the EAJA, which she has not paid to Kalagian and; 4) Kalagian is not claiming administrative fees under 406(a). Kalagian also states that the Court should direct Kalagian "to refund $2,464.05 to Lisa Boissiere if she has paid these fees prior to the issuance of an order" on the Motion.

### C. Defendant's Non-Opposition to Plaintiff's Motion for Attorney's Fees

In response to the Court's request, the Commissioner filed a statement on January 27, 2011 of non-opposition to Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) ("Statement of Non-Opposition"). In it, the Commissioner states that "[a]s Plaintiff's attorney indicated, the amount of section 406(b) fees requested must be reduced by the $2,464.05 in fees this Court already awarded on November 19, 2010, under the Equal Access to Justice Act, 28 U.S.C. § 2142. The net fee under section 406(b) would be $5,035.95." *Id.* The Commissioner does not address the fact that Plaintiff's counsel apparently had not actually received the EAJA award amount from Plaintiff at the time the Motion was filed, nor whether Plaintiff's counsel therefore should be awarded the gross amount of $7,500.00, as requested in the Motion, with the caveat that Kalagian must refund to Plaintiff the amount of the EAJA award if she has already paid that amount when the Court decides Kalagian's Motion or if she pays it at any time in the future.

## III. ANALYSIS

### A. Legal Standard Governing Attorney's Fees Under Section 406(b)

Subsection 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i), but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

3

1  42 U.S.C. § 406(b)(1)(A).  In determining what constitutes a reasonable fee under § 406(b), the

2  Supreme Court in *Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002)*,* rejected the lodestar approach

3  and instead held that primacy is given to contingent-fee arrangements.  The Supreme Court

4  concluded that:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807-08 (internal citations and quotations omitted).  In *Crawford v. Astrue*, the Ninth Circuit noted that while the *Gisbrecht* test does not set forth specific factors, the Court directed the lower courts to consider "the character of the representation and the results the representative achieved."  586 F.3d 1142, 1151 (9th Cir. 2009) *(*quoting *Gisbrecht,* 535 U.S. at 808).  Accordingly, "[t]he court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Id.* (citing *Gisbrecht,* 535 U.S. at 808.)  More specifically:

> [i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order.  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808.

   Here, the Court finds that the amount sought by Kalagian pursuant to the Agreement is reasonable.  First, the results obtained by Kalagian – an award of the full benefits sought by Plaintiff – were good and the record reveals no undue delay or any other deficiencies in the representation offered by Kalagian.  Second, the amount sought, which constitutes 23.8 percent of Plaintiff's past due benefits, is below the cap set by Congress in § 406(b) and is not disproportionate to the time spent by Kalagian in this action.

   Therefore, the only remaining question is whether the amount already awarded, pursuant to

4

the EAJA, should be deducted from the $7,500.00 sought by Kalagian. That issue is addressed below.

### B. Whether the EAJA Award Should Be Deducted From Attorney's Fees Awarded Under § 406(b)

In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. The Court went on to state that "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal quotations omitted).

The statutory basis for the arrangement described in *Gisbrecht* is found in the EAJA's Savings Provision, which provides that an award under § 406(b) "shall not prevent an award of fees and other expenses under [EAJA] . . . ." 28 U.S.C. § 2412 note (Savings Provision). Further, "where the claimant's attorney receives fees for the same work under both [the EAJA and § 406(b)], the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id*. The Eleventh Circuit clarified that:

> [t]he obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund. In particular, nothing in the Savings Provision commands courts to order a specific refund procedure if the claimant's attorney has already taken other steps to effectuate the refund.

*Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1272 (11th Cir. 2010). The *Jackson* court emphasized that "the Savings Provision was intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b)" and "[r]egardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled – the attorney does not get a double recovery." 601 F.3d at 1272-73.

      Moreover, the Savings Provision "by its own terms, only comes into play after the attorney actually *receives* double fees." *Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (emphasis original). "[T]he Savings Provision's use of the verb 'refund' suggest[s], if anything, that the lawyer receives fees from the claimant, to whom he must 'refund' the fees in certain situations. One cannot 'refund' money to a person unless one has already received money from that person." *Chonko v. Commissioner of Social Sec. Admin.*, 624 F.Supp.2d 357, 364 (D.N.J., April 22, 2008).

      While it is clear under the authority discussed above that an award of attorney's fees under § 406(b) must be offset by an EAJA award that has been paid to an attorney, it is less clear whether such offset is required when fees have been awarded under the EAJA but have not been paid to counsel, as in this case. This situation may arise because, under the language of the EAJA, attorney's fees must be paid to the plaintiff directly whereas the language of § 406(b) provides that attorney's fees are to be paid to the plaintiff's counsel. See *Ratliff,* 130 S.Ct. 2521, 2523 (2010).

      The Court concludes that in this situation, no offset is required because the plain language of the Savings Provision of the EAJA (quoted above) requires a refund only where an attorney has "*received* fees for the same work." 28 U.S.C. § 2412 note (Savings Provision)(emphasis added); see *Reeves*, 526 F.3d at 737. As Plaintiff's counsel apparently has not received any of the EAJA award, he is entitled to the full amount of his fees under § 406(b), unless Plaintiff has paid any of the EAJA fee award over to Kalagian as of the date of this order, in which case, such amount must be refunded to Plaintiff.

**IV.   CONCLUSION**

      For the reasons stated above, the Motion is GRANTED. The Court awards $7,500.00 in attorney's fees under 42 U.S.C. § 406(b), to be paid to Plaintiff's counsel, and orders Counsel to

refund to Plaintiff any amount of the EAJA award that may have been or may be paid to Counsel by Plaintiff.

IT IS SO ORDERED.

Dated: March 22, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge